**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | : | |
| | : | |
| Plaintiff, | : | Case No. 2:24-cr-00029 |
| | : | Judge Edmund A. Sargus, Jr. |
| v. | : | |
| | : | |
| **LORIE A. SCHAEFER (1), and** | : | |
| | : | |
| **LATISHA C. HOLLOWAY (2),** | : | |
| | : | |
| Defendants. | : | |

**PRELIMINARY ORDER OF FORFEITURE**

Upon the United States' Motion for Preliminary Order of Forfeiture and the Court's review of the evidence in the record, including the Plea Agreements, the Court HEREBY FINDS THAT:

On March 7, 2024, a grand jury in the Southern District of Ohio returned a four-count Indictment charging defendant Lorie Schaefer in Counts 1 and 2 with wire fraud, in violation of 18 U.S.C. § 1343 and in Count 3 with money laundering, in violation of l8 U.S.C. § 1957; and charging defendant Latisha Holloway in Count 2 with wire fraud, in violation of 18 U.S.C. § 1343 and in Count 4 with money laundering, in violation of l8 U.S.C. § 1957. (Doc. 19.)

Forfeiture allegations in the Indictment provided notice to the defendants that the United States would seek the forfeiture, pursuant to 18 U.S.C. § 981(a)(l)(C) and 28 U.S.C. § 2461(c), of any property, real or personal, which constitutes or is derived from proceeds traceable to the violations alleged in Counts 1 and 2 of the

Indictment; and/or pursuant to 18 U.S.C. § 982(a)(l), of any property, real or personal, involved in the offenses alleged in Counts 3 and 4 of the Indictment, and any property traceable to such property. (*Id.*)

The United States also provided notice that it would seek the forfeiture of a sum of money equal to the amount of proceeds traceable to, and derived from, the offenses outlined in the Indictment and the forfeiture of substitute property of the defendants to satisfy any money judgment, pursuant to 21 U.S.C. § 853(p), as incorporated by 18 U.S.C. § 982(b)(1) and 28 U.S.C. § 2461(c). (*Id.*)

The United States has identified the following property for forfeiture:

**Lorie Schaefer**

    a.    A sum of money equal to $1,358,472.22[1] in United States currency, which represents the amount of proceeds traceable to, and derived from, the offenses alleged in Counts 1 and 3 of the Indictment; and

    b.    The real property known and numbered as 5259 Sorrento Court, Westerville, Delaware County, Ohio, with all appurtenances, attachments, and improvements thereon (the "subject real property"), and legally described as:

Situated in the State of Ohio, County of Delaware, and in the Township of Genoa:

Being Unit 5259, in Sorrento At Highland Lakes Condominium, as the same is numbered, designated, delineated and described in the Declaration, Bylaws and Drawings thereof, of record, respectively, in Official Record Volume 1248, Page 117, and Condominium Plat filed in Official Record Volume 1248, Page 193 and in Condominium Plat Book 4, Slide 31, Recorder's Office, Delaware County, Ohio, and any subsequent amendments thereto.

Parcel No.: 317-322-03-008-503

---

[1] The amount of Schaefer's money judgment is reduced to reflect that Huntington National Bank recaptured $735,660.78 it determined to be fraud proceeds.

>Property Address: 5259 Sorrento Court, Westerville, OH 43082

>Prior Instrument Reference: Book 2100, Page 410 of the Delaware County, Ohio Records.

**Latisha Holloway**

>A sum of money equal to $800,833.00[2] in United States currency, which represents the amount of proceeds traceable to, and derived from, the offenses alleged in Counts 2 and 4 of the Indictment.

Defendant Lorie Schaefer entered into a Plea Agreement with the United States in which she agreed to plead guilty to Counts 1 and 3 of the Indictment. (Doc. 43.) Schaefer also agreed to the entry of a forfeiture money judgment in the amount of $2,094,133.00 and to the immediate forfeiture of the subject real property, as a directly traceable asset in partial satisfaction of the money judgment. (*Id.*)

Schaefer acknowledged that $2,094,133.00 in United States currency and the subject real property constitute or were derived from proceeds traceable to the violation alleged in Count 1 of the Indictment and are property involved in the violation alleged in Count 3 of the Indictment or are property traceable to such property, and are, therefore, subject to forfeiture to the United States in accordance with 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c) and 18 U.S.C. § 982(a)(1). (*Id.*)

Schaefer further admitted that "Regional Investments LLC" was established with her knowledge and that the subject real property was transferred into this company's name at her direction after she learned about the investigation in this

---

[2] The amount of Holloway's money judgment is reduced by $180,000.00 to reflect the payments that she made to Schaefer and to avoid the double recovery of this amount, which is included in Schaefer's money judgment.

3

case. (*Id.*) Schaefer agreed that "Regional Investments LLC" is a nominee company and that the transfer of the subject real property into this name was intended to hide her true ownership and control of the property and/or to disguise the source of the proceeds used to acquire and/or to renovate the subject real property. (*Id.*)

Therefore, Schaefer agreed that the transfer of the subject real property into the name of "Regional Investments LLC" is void as a fraudulent transfer under state law as provided by Ohio Rev. Code § 1336.04, that she is the true owner of the subject real property, and that the property is subject to forfeiture to the United States. (*Id.*)

In addition, Schaefer acknowledged that she spent, transferred, dissipated, or otherwise made the remaining directly traceable property unavailable to the United States for forfeiture and that, in accordance with 21 U.S.C. § 853(p), as incorporated by 18 U.S.C. § 982(b) and/or 28 U.S.C. § 2461(c), the United States is entitled to forfeit any other property belonging to her, up to the value of the remaining balance of the forfeiture money judgment. (*Id.*)

Schaefer pleaded guilty to Counts 1 and 3 of the Indictment on July 24, 2024. (Doc. 45.)

Defendant Latisha Holloway entered into a Plea Agreement with the United States in which she agreed to plead guilty to Counts 2 and 4 of the Indictment and agreed to the entry of a forfeiture money judgment in the amount of $980,833.00. (Doc. 49.) Holloway acknowledged that $980,833.00 in United States currency constitutes or was derived from proceeds traceable to the violation alleged in Count

4

2 of the Indictment and is property involved in the violation alleged in Count 4 of the Indictment or is property traceable to such property, and is, therefore, subject to forfeiture to the United States in accordance with 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c) and 18 U.S.C. § 982(a)(1). (*Id.*)

In addition, Holloway acknowledged that she spent, transferred, dissipated, or otherwise made the directly traceable property unavailable to the United States for forfeiture and that, in accordance with 21 U.S.C. § 853(p), as incorporated by 18 U.S.C. § 982(b) and/or 28 U.S.C. § 2461(c), the United States is entitled to forfeit any other property belonging to her, up to the value of the balance of the forfeiture money judgment. (*Id.*)

Holloway pleaded guilty to Counts 2 and 4 of the Indictment on September 4, 2024. (Doc. 53.)

In accordance with Fed. R. Crim. P. 32.2(b)(1), the Court finds as to defendant Lorie Schaefer that $1,358,472.22 represents property that constitutes or is derived from proceeds traceable to the violation alleged in Count 1 of the Indictment and represents property involved in the violation alleged in Count 3 of the Indictment or is property traceable to such property. As a result of Schaefer's acts or omissions, the $1,358,472.22 is not currently available to the United States for forfeiture; therefore, the United States is entitled to the forfeiture of substitute property because one or more of the conditions in 21 U.S.C. § 853(p) have been met.

In accordance with Fed. R. Crim. P. 32.2(b)(1), the Court also finds as to defendant Latisha Holloway that $800,833.00 represents property that constitutes or

5

is derived from proceeds traceable to the violation alleged in Count 2 of the Indictment and represents property involved in the violation alleged in Count 4 of the Indictment or is property traceable to such property.  As a result of Holloway's acts or omissions, the $800,833.00 is not currently available to the United States for forfeiture; therefore, the United States is entitled to the forfeiture of substitute property because one or more of the conditions in 21 U.S.C. § 853(p) have been met.

Further, the subject real property is forfeitable, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c) and 18 U.S.C. § 982(a)(1), as property that constitutes or is derived from proceeds traceable to the violation alleged in Count 1 of the Indictment and represents property involved in the violation alleged in Count 3 of the Indictment or is property traceable to such property.  The United States has established the requisite nexus between the subject real property and the offenses to which defendant Lorie Schaefer has pled guilty.

The Court finds that the subject real property was transferred into the name of a nominee company, "Regional Investments LLC," at defendant Lorie Schaefer's direction after she learned about the investigation in this case.  Schaefer is the sole member of the company.  The transfer of the subject real property into this name was intended to hide Schaefer's true ownership and control of the property and/or to disguise the source of the proceeds used to acquire or renovate the subject real property.

**THEREFORE, IT IS HEREBY ORDERED THAT:**

1. A personal money judgment in the amount of $1,358,472.22 is entered

6

against defendant Lorie Schaefer pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c) and 18 U.S.C. § 982(a)(1).

2. A personal money judgment in the amount of $800,833.00 is entered against defendant Latisha Holloway pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c) and 18 U.S.C. § 982(a)(1).

3. The United States is authorized to seek the forfeiture of substitute property, pursuant to 21 U.S.C. § 853(p), up to the amount of each personal money judgment.

4. All right, title, and interest in the subject real property is condemned and forfeited to the United States pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c) and 18 U.S.C. § 982(a)(1). Defendant Lorie Schaefer shall receive credit for the forfeiture of the subject real property against her personal money judgment.

5. The United States is authorized to seize the subject real property, pursuant to 21 U.S.C. § 853(g) and Fed. R. Crim. P. 32.2(b)(3), whether held by the defendants or a third party; conduct any discovery for identifying, locating, or disposing of the property; and to commence proceedings that comply with any statutes governing third party rights.

6. In accordance with the direction provided by the Attorney General and Fed. R. Crim. P. 32.2(b)(6), the United States shall publish notice of this Order and send notice to any person who reasonably appears to be a potential claimant with standing to contest the forfeiture in the ancillary proceeding. Publication must take place as described in Supplemental Rule G(4)(a)(iii) of the Federal Rules of Civil

7

Procedure and may be by any means described in Supplemental Rule G(4)(a)(iv). Publication is unnecessary if any exception in Supplemental Rule G(4)(a)(i) applies.

7. The notice must describe the forfeited property, state the times under the applicable statute when a petition contesting the forfeiture must be filed, and state the name and contact information for the government attorney to be served with the petition. The notice may be sent in accordance with Supplemental Rules G(4)(b)(iii)-(v).

8. Pursuant to 21 U.S.C. § 853(n)(2), any person, other than the defendants, asserting a legal interest in the subject real property, who wishes to contest the forfeiture of the subject real property must, within thirty (30) days of the final publication of notice or of receipt of actual notice, whichever is earlier, file a petition in the United States District Court for the Southern District of Ohio for a hearing to adjudicate the validity of the alleged legal interest in the subject real property.

9. Any petition filed by a third party shall be signed by the petitioner under penalty of perjury and shall set forth the nature and extent of the petitioner's right, title, or interest in the property; the time and circumstances of the petitioner's acquisition of the right, title, or interest in the property; any additional facts supporting the petitioner's claim; and the relief sought.

10. The United States shall have clear title to the subject real property following the Court's disposition of all third party interests, or if no third party petitions are timely filed, following the expiration of the period provided by statute

for the filing of third party petitions.

11. In accordance with the Plea Agreements, this Preliminary Order of Forfeiture is final as to the defendants and shall be made part of their sentences and included in their judgments. This Order remains preliminary as to third parties until the ancillary proceeding is concluded.

12. The Court shall retain jurisdiction to enforce this order and to amend it as necessary pursuant to Fed. R. Crim. P. 32.2(e).

**IT IS SO ORDERED.**

s/Edmund A. Sargus, Jr.<br>
HONORABLE EDMUND A. SARGUS, JR.<br>
UNITED STATES DISTRICT JUDGE